**United States District Court
Southern District of New York**

_____

**CENTURY INDEMNITY COMPANY,**

                  **Petitioner,**

       **- against -**

**CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, ET AL.,**

                  **Defendants.**

_____

**11 Civ. 1503 (JGK)**

<u>MEMORANDUM OPINION AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

The Petitioner, Century Indemnity Company ("Century"), brought this action to confirm a July 24, 2009 Final Arbitration Award between Century and London Market Reinsurers ("LMR"). There is no dispute that the Court has jurisdiction over the action pursuant to 9 U.S.C. § 203. No basis has been asserted that the Final Award should not be confirmed. Indeed, rather than resisting the confirmation of the Final Award, the respondents have filed a cross-petition to confirm the Final Award in which they set out their account of the arbitration and then urge that the Final Award be confirmed. Century responds that the respondents have used this action as a public relations device to present their side of the confidential arbitration proceedings, and that the Court should strike the Cross-Petition pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Both sides are well positioned to conduct their own public relations campaign outside the Court. Rule 12(f) should be sparingly used. <u>See, e.g.</u>, <u>Bishop v. Toys "R" US-NY, LLC</u>, No.

1

04 Civ. 9403, 2009 WL 440434, at *3 (S.D.N.Y. 2009), aff'd, 385 Fed. App'x 38 (2d Cir. 2010). At the same time, it is apparent that there was absolutely no reason to burden the Court with a "Cross-Petition" to ask the Court to do exactly what the Petition asked the Court to do, namely to confirm the Final Award. A court proceeding should not be used as a device to air allegations that may have been otherwise precluded by the confidentiality agreement in the arbitration proceeding. Nevertheless, courts do not lightly "strike" materials from the public record because when parties seek the assistance of a Court, they are seeking the assistance of a public institution and the public has a right to understand the bases for actions by the Court. See generally United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995).

Therefore, the Petition to Confirm the Arbitration Award is granted. The Cross Petition is denied as moot and the motion to strike is denied.

The Clerk is directed to enter judgment confirming the Final Award and closing this case and all pending motions.

SO ORDERED.

Dated:  New York, New York
        May 22, 2011

                                        /s/ John G. Koeltl
                                        John G. Koeltl
                                        United States District Judge

2